**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hugo Alejandro Navarro-Ramirez,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-20-00988-PHX-GMS (JZB)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation (R&R) (Doc. 5) issued by Magistrate Judge John Z. Boyle recommending that the Court deny Petitioner Hugo Alejandro Navarro-Ramirez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. 1). Also before the Court is Petitioner's Motion Pursuant to 18 U.S.C. 3553(F) and 3582(c)(2), which the Court construes as an objection to the R&R. (Doc. 6.) For the following reasons, the Court adopts the R&R and denies Petitioner's motion.

## BACKGROUND

Because no party has objected to the procedural background set forth in the R&R, the Court adopts the background as set forth therein:

> On June 14, 2016, a federal grand jury indicted [Petitioner] on nine firearm-related offenses, including conspiracy, multiple counts of False Statement During the Purchase of a Firearm, Alien in Possession of a Firearm, and Possession of an Unregistered Firearm. (CR Doc. 3.) The charges resulted

from [Petitioner's] involvement as a recruiter and organizer in the illegal purchase and transportation of firearms to Mexico. (CR Doc. 105.)

On July 11, 2017, [Petitioner] pleaded guilty under a Rule 11(c)(1)(C) Plea Agreement to Conspiracy (Count 1) and Possession of an Unregistered Firearm (Count 9). (CR Doc. 110 at 1.) Under the terms of the Plea Agreement, [Petitioner] waived his right to appeal and collaterally attack the judgment; however, he preserved his right to allege ineffective assistance of counsel. (*Id.* at 4–5.)

On December 13, 2017, the Court sentenced [Petitioner] to 60 months of imprisonment on Count 1 and 87 months on Count 9, to run concurrently, followed by 36 months of supervised release. (CR Doc. 111 at 1.) At sentencing, the Court advised [Petitioner] of his limited appeal rights. (*Id.* at 4.) [Petitioner] did not file any notice of appeal.

(Doc. 5 at 1–2.)

## DISCUSSION

### I. Legal Standard

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

### II. Analysis

Petitioner asserts that his sentence is improper because his attorney promised a lesser sentence. However, the Magistrate Judge correctly found Petitioner's §2255 motion untimely. Under 28 U.S.C. § 2255(f), "there is a one-year period of limitation to file a

collateral attack on a federal conviction that runs from the latest of four events, including the date on which the judgment of conviction becomes final." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). If a petitioner does not pursue a direct appeal, "the conviction becomes final when the time for filing a direct appeal expires." *Id.* The deadline for filing a notice of appeal is 14 days after entry of final judgment. *See* Fed. R. App. P. 4(b)(1)(A). Once the time for filing a direct appeal expires, § 2255(f)'s limitations period is triggered. *Gilbert*, 807 F.3d at 1200.

Here, there is no dispute that Petitioner did not file a direct appeal. Accordingly, his sentence became final on December 27, 2017 and the one-year statute of limitations ended on December 27, 2018. As Petitioner's §2255 motion was not filed until May 20, 2020, the motion is untimely and consequently denied.[1]

## CONCLUSION

Having reviewed the record as it relates to Petitioner's objection *de novo*, the Court accepts the R&R and denies Petitioner's objection. Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner Hugo Alejandro Navarro-Ramirez's Motion Pursuant to 18 U.S.C. 3553(F) and 3582(C)(2) (Doc. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge John Z. Boyle (Doc. 5) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

/ / /

/ / /

/ / /

---

[1] To the extent Petitioner brings his motion pursuant to 18 U.S.C. § 3582(C), Petitioner does not articulate grounds for relief.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 3rd day of August, 2021.

G. Murray Snow
Chief United States District Judge